UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KENNETH IMHOTEP VAUGHN BEY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL T. WILLIAMSON, JR. and<br>KASSANDRA L. WILLIAMSON,<br><br>Defendants. | Case No. 2:21-cv-01462-APG-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF Nos. 1, 1-2 |

Pending before the Court is the *in forma pauper application* and Complaint filed by Plaintiff. (ECF Nos. 1, 1-2). The Court chooses to exercise its authority in this matter and recommends dismissal *sua sponte* without notice to Plaintiff because he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).[1]

A complaint may be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may also be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

---

[1] When a plaintiff seeks to proceed *in forma pauperis*, courts screen the complaint to ensure that a claim for relief has been stated. 28 U.S.C. § 1915(e). Because the Court recommends dismissal of Plaintiff's Complaint under its authority cited above, the Court does not address whether Plaintiff qualifies to proceed *in forma pauperis*.

Plaintiff's Complaint cannot state a claim as the deficiencies are overwhelming and cannot be overcome. Plaintiff's allegations consist of sovereign-citizen non-sequiturs that make no sense and for which there is no legally cognizable cause of action. The Complaint is properly characterized as frivolous and delusional.

Accordingly, and in light of the above and delusional nature of Plaintiff's Complaint, IT IS HEREBY RECOMMENDED that this case be dismissed with prejudice.[2]

DATED this 6th day of August, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[2] The Court notes that this is one of five cases filed by Plaintiff Bey assigned to undersigned Magistrate Judge, each of which fails to state a claim for relief and is properly qualified as frivolous. Continued filings of this nature may result in a recommendation that Plaintiff be classified as a vexatious litigant.